UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMEER SIRAJ MAURO BEY,

        Plaintiff,                       Hon. Paul L. Maloney

v.                                     Case No. 1:25-cv-1537

SANTANDER CONSUMER USA, INC., et al.,

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on November 24, 2025.  (ECF No. 1).  The Court permitted Plaintiff to proceed as a pauper (ECF No. 5) and reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  On December 2, 2025, the Court afforded Plaintiff the opportunity to amend his complaint. (ECF No. 7).  Plaintiff filed his first amended complaint on December 15, 2025.  (ECF No. 8).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's first amended complaint be dismissed and this action terminated.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id*. at 678-79 (internal citations omitted).

In his first amended complaint, Plaintiff alleges the following. (ECF No. 8). On June 26, 2025, Plaintiff received a statement with an undisclosed balance amount from Defendant Santander Consumer USA, Inc. (ECF No. 8, PageID.50). On July 11, 2025, Plaintiff mailed a debt validation letter and a cease-and-desist order, requesting copies of his alleged balance and a response within thirty days. (*Id*.). On July 21, 2025, Plaintiff received a letter from Defendant Santander Consumer

USA, Inc., stating that "they [were] unable to process [his] dispute." (*Id*.). On July 29, 2025, Plaintiff responded "with a writ that addressed the previous letter," giving Defendant Santander Consumer USA, Inc., 21 days to respond. (*Id*.). On August 27, 2025, after receiving no response from Defendant Santander Consumer USA, Inc., Plaintiff "submitted" a "notice of intent to sue upon failure to validate the debt." (*Id*.). Plaintiff asserts that his rights under Fair Debt Collections Practices Act, 15 U.S.C. § 1692g, were violated because Defendants never lent him money, "ignore[d] the debt validation letter," and failed to produce "the receipt of the face amount of the note." (ECF No. 8, PageID.50-51).

In addition to the only discernable claim above, Plaintiff submitted seven pages of distracting irrelevant assertions and unsupported legal conclusions. For example, Plaintiff states that "[j]urisdiction of this court is invoked under The Zodiac Constitution" (ECF No. 8, PageID.48) and that he is "bound squarely affirmed to the Treaty of Peace and Friendship of 1787 superseded by the Treaty of Peace and Friendship of 1836 between Morocco and the United States" (ECF No. 8, PageID.49). Likewise, Plaintiff states that "gold and silver is [sic] the only form of lawful money in accordance with the United States Constitution." (ECF No. 8, PageID.51). Plaintiff also asserts that Defendants commit "human rights violations" and "conspire[ed] against [his] rights," but he provides no factual allegations to support these claims. (ECF No. 8, PageID.52).

-3-

Although Plaintiff timely filed his first amended complaint, he has again failed to allege sufficient facts to state a viable claim by resubmitting an amended complaint that suffers from the same deficiencies as his initial complaint.   Under Federal Rule of Civil Procedure 8(a)(2), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Plaintiff's amended claim for relief is neither short nor plain but overwhelmed with irrelevant assertions and unsupported legal conclusions.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's first amended complaint be dismissed for failure to state a claim.   For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

-4-

Respectfully submitted,

Dated: January 28, 2026                             /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge

-5-